IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hakiim Rashid Speaks, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 6:24-cv-249-BHH |
| v. ) | |
| ) | **ORDER** |
| South Carolina, Officer; Officers of ) | |
| Greenville Co., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff Hakiim Rashid Speaks' pro se complaint filed against the above-named Defendants. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

On January 24, 2024, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 because Plaintiff is subject to the three-strikes rule of the Prison Litigation Reform Act of 1996 ("PLRA"). The Magistrate Judge also recommends that the Court grant Plaintiff 21 days from the date of ruling on Plaintiff's motion to proceed *in forma pauperis* to permit Plaintiff to file the required filing fee of $405. However, if Plaintiff fails to pay the filing fee, the Magistrate Judge further recommends that the matter be dismissed without prejudice under the three strikes rule of 28 U.S.C. § 1915(g) and that the Clerk enter final judgment at the close of the 21-day period during which Plaintiff may pay the filing fee.

Attached to the Report was a notice advising Plaintiff of his right to file written

objections to the Report within fourteen days of being served with a copy. On February 12, 2024, Plaintiff filed objections to the Report. Although his objections are difficult to decipher, he appears to object to the Magistrate Judge's conclusion that he has filed three prior cases in this Court, which were dismissed and which dismissals may be deemed strikes under the PLRA in accordance with *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). (*See* ECF No. 14 at 1-2 (explaining that two of his prior cases "were done under mental distress of the law" and that "neither were frivolous, malicious").) According to Plaintiff, he had mental issues at the time he filed his previous suits, and he asserts that "potentially meritorious prisoner[']s suits are not hastily dismissed with a strike." (*Id.* at 2.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Here, after *de novo* review of the record and the applicable law, the Court finds Plaintiff's objections unavailing, and the Court agrees with the Magistrate Judge that each of the prior dismissals outlined in the Report may be deemed strikes under the PLRA. Furthermore, the Court also agrees with the Magistrate Judge that Plaintiff cannot satisfy the "imminent danger"" exception of § 1915(g). *See Bryan v. McCall*, No. 5:15-cv-871, 2016 WL 529574, at *3. Accordingly, the Court adopts the Magistrate Judge's recommendation and denies Plaintiff's motion to proceed *in forma pauperis.* Plaintiff, of

course, may continue to litigate his claims if he pays the full filing fee of $405. If Plaintiff pays the filing fee, then the claims in his complaint will be subject to review by the Magistrate Judge to determine if service of process should be authorized.

Based on the foregoing, **the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8); the Court overrules Plaintiff's objections (ECF No. 14); and the Court denies Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2)**. Plaintiff shall have 21 days from the date this order is filed to pay the filing fee of $405, and the Clerk of Court shall withhold entry of judgment until the 21 days expires. If Plaintiff pays the filing fee, then the matter will return to the Magistrate Judge for further initial review, but if Plaintiff fails to pay the filing fee, then the action will be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g), and the Clerk will enter the final judgment after expiration of the 21-day period.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 2, 2024
Charleston, South Carolina